MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Vanier-Pop,<br>Plaintiff,<br>v.<br>State of Arizona, et al.,<br>Defendants. | No.   CV-24-02257-PHX-JAT (DMF)<br><br>**ORDER** |

**I.   Procedural History**

On August 12, 2024, Plaintiff Gabriel Vanier-Pop, who is represented by counsel, filed a Complaint (Doc. 1-1 at 6-13)[1] in the Superior Court of Maricopa County, Arizona, against the State of Arizona, Caleb Williams, and fictitiously named individuals. On August 29, 2024, Defendants State of Arizona and Caleb Williams filed a Notice of Removal and removed the case to this Court. On September 5, 2024, Defendants State of Arizona and Williams answered the Complaint.

**II.   Removal**

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). In his Complaint, Plaintiff alleges, among other things, a violation of his Eighth Amendment rights. This Court's jurisdiction extends to such claims. *See* 28 U.S.C. § 1331

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

TERMPSREF

1   (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").  The Notice of Removal was filed within 30 days of Defendants State of Arizona and Caleb Williams being served, and the Removing Defendants indicate that all properly served Defendants consent to the removal.  It therefore appears this case was timely and properly removed.

**III.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity, regardless of whether the prisoner is represented by counsel.  28 U.S.C. § 1915A(a); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is self-represented, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners.").  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

Plaintiff's two-count Complaint adequately states an Eighth Amendment claim against Defendant Williams and a negligence claim against Defendant State of Arizona.

Plaintiff's Eighth Amendment claim against unknown corrections staff, which Plaintiff has identified as "Building Three Doe Defendants" and "Building Two Doe Defendants," consists of vague and conclusory allegations against groups of Defendants, without any factual specificity as to what any particular Defendant did or failed to do.  This is insufficient.  *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term

'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Moreover, Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. Thus, the Court will dismiss without prejudice the fictitiously named Defendants.

**IT IS ORDERED:**

(1) Defendants Does 1-100, which includes "Building Three Doe Defendants" and "Building Two Doe Defendants," are dismissed without prejudice.

(2) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(3) This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

Dated this 10th day of October, 2024.

James A. Teilborg
Senior United States District Judge